IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THERESA MORIARTY and
DOUG GARRABANT,

    Plaintiffs,

v.                                                                                            CIV 11-722 JAP/KBM

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SANDOVAL,
JOHN PAUL TRUJILLO, TIM LUCERO,
and EDD MORRISON, in their individual
and official capacities,

    Defendants.

## ORDER QUASHING SUBPOENAS TO VERIZON WIRELESS

THIS MATTER comes before the Court on Defendants' Motion to Quash Subpoenas Issued by Plaintiff and Request for Protective Order *(Doc. 75)*, filed August 2, 2012 and fully briefed on August 27, 2012. *See Docs. 75, 79, 81, 82.* Having reviewed the parties' submissions and the relevant law, I find the Motion is well-taken and should be granted.

**I.    BACKGROUND**

The deadline for all discovery to be completed in this case was originally June 15, 2012, but this deadline was extended pursuant to the joint request of counsel to July 23, 2012. *See Docs. 17, 47.* Plaintiffs admit they did not serve the subpoenas in question until July 25, 2012 and, further, that they did not provide notice of the service to Defendants until August 1, 2012. *See Doc. 79* at 1.

Early in this litigation, Plaintiffs requested copies of cellular telephone records from June 1, 2009 until July 2009 for Captain Edd Morrison, Undersheriff Timothy Lucero, and Sergeant

Joseph Harris.  *See Doc. 79-2* at 2; *Doc. 79* at 2.  Defendants produced phone records from provider Alltel for the period from June 1, 2009 until July 1, 2009, as well as an email message concerning the unavailability of records from Verizon.  *See Doc. 79-2* at 2-3.  The email message was sent November 17, 2011, apparently in response to requests by Defendants for discovery documents, by Secretary/Receptionist Leticia Cruz of the Sandoval County Administrative Building and stated, "we don't have any phone records for the dates you requested July 1, 2009 to July 16, 2009.  This was the time during our transition from Alltel to Verizon and only a few cell phone bills received call detail items and unfortunately the phones you requested didn't."  *See Doc. 79-2* at 3.

There is no indication in the record that the parties or their counsel discussed the unavailable cell phone records again until Plaintiffs' attorneys questioned Defendant Morrison about Ms. Cruz' email at his deposition on May 4, 2012.  *See Doc. 81* at 2.  In response to the Motion, however, Plaintiffs argue that Defendants had a duty to supplement their discovery responses and request and provide cell phone records from Verizon.  *See Doc. 79* at 3-4.  Plaintiffs argue they were waiting for Defendants to properly supplement their discovery responses with the phone records until essentially the end of the discovery period.  *See id.* at 6.  This, Plaintiffs contend, is an excusable reason for their failure to subpoena records prior to the close of discovery.

**II.   LEGAL STANDARD**

As a general rule, subpoenas issued to non-parties are subject equally to the discovery deadlines imposed in a scheduling order.  9 James Wm. Moore, *Moore's Federal Practice* § 45.03[2] (3d ed. 2012) ("[O]nce the discovery deadline established by a scheduling order has

passed, a party may not employ a subpoena to obtain materials from a third party that could have been procured during the discovery period."). The District of New Mexico has accordingly quashed subpoenas filed outside of the discovery period on more than one occasion. *See Skipper v. Hernandez*, Case No. CIV 09-521 ACT/CG (D.N.M. Apr. 16, 2010) (unpublished opinion by Magistrate Judge Lorenzo F. Garcia); *Baysinger v. Lucero*, Case No. CIV 09-806 JH/LFG (D.N.M. Mar. 19, 2010) (unpublished opinion by Magistrate Judge Lorenzo F. Garcia); *Luciani v. Ingle*, Case No. CIV 06-426 JH/LFG (D.N.M. Nov. 28, 2006) (unpublished opinion by Magistrate Judge Lorenzo F. Garcia).

### III.   ANALYSIS

I find no reason in the present case to depart from the general rule that subpoenas are governed by the discovery deadlines contained within the Court's scheduling order. Contrary to Plaintiff's arguments, I find no basis upon which to assume from the Defendants' initial discovery responses that further documentation or phone records would be forthcoming. In fact, according to Ms. Cruz' email, none of the three individuals for whom such records were requested even received "call detail items." If Plaintiffs were unsatisfied with this response, they had plenty of time within the discovery period to depose Ms. Cruz and/or subpoena the records directly from Verizon.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants Motion to Quash *(Doc. 75)* is granted and the subpoenas served on July 25, 2012 are hereby quashed. Non-party Verizon Wireless is not required to respond to the subpoenas served on or about July 25, 2012.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE